**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL ESPINOZA-TALAMANTES,

    Defendant - Appellant.

No. 18-2123
(D.C. No. 2:18-CR-01029-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **McHUGH**, Circuit Judges.
_____

Following his acceptance of a plea agreement that included a waiver of his right to appeal, Manuel Espinoza-Talamantes pleaded guilty to re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). He was sentenced to 42 months' imprisonment. Despite the waiver, he appealed. The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Espinoza-Talamantes' counsel has filed a response in which he says that he "does not have a good faith legal or factual basis to contest the government's [m]otion." Resp. at 1.

Our independent review confirms that the proposed issue for appeal (identified as an appeal of his sentence in Espinoza-Talamantes' Docketing Statement) falls within the scope of his waiver. The plea agreement clearly sets forth the waiver and states that it was knowing and voluntary, and the district court discussed the waiver and voluntariness at the plea hearing. There is no contradictory evidence indicating that Espinoza-Talamantes did not knowingly and voluntarily accept the waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and the appeal is dismissed.

Entered for the Court
Per Curiam